IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERAFINA LICCARDI, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:21-CV-2590-E (BH) |
| ) | |
| IAN SHORR, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on November 22, 2021 (doc. 8). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I. BACKGROUND

The plaintiff initially filed suit against several defendants on February 12, 2021, after her order for 200 coins bearing her custom art was allegedly lost during shipment. (*See* No. 3:21-CV-0314-E (N.D. Tex.), doc. 3.) On October 15, 2021, she sought leave to amend her complaint to add new claims for copyright infringement against new defendants. (*See id.*, doc. 52.) Because her new claims against the new defendants were based on events completely unrelated to those underlying her initial claims, her motion for leave to amend was denied, and her new claims against the new defendants were construed as a new civil action and filed in this case. (*See id.,* doc. 54.)

After this case was filed, on October 21, 2022, the plaintiff was ordered to file an amended complaint that only set forth her new claims against the new defendants, and to either pay the $402 filing fee or file a motion to proceed *in forma pauperis* (IFP) within fourteen days. (*See* doc. 6.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

The order also specifically warned that failure to comply could result in dismissal of the lawsuit. *Id.* More than one month later, on November 22, 2021, she filed an amended complaint and IFP motion, but her IFP motion was not fully completed. (*See* doc. 7, 8.) On November 23, 2021, she was ordered to either pay the filing fee or file a fully completed IFP motion within fourteen days, and she was specifically warned that failure to comply could result in dismissal of the lawsuit. (*See* doc. 9.) Well more than fourteen days from the date of the order have passed, but the plaintiff has not paid the filing fee or filed a fully completed IFP motion, or filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not filed a fully completed application that reflects the amount of cash she has. The incomplete application shows that her monthly income exceeds the listed expenses, and she paid the filing fee for her first lawsuit. She has not shown that she will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and her motion to proceed *in forma pauperis* should be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

2

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she either pay the full filing fee or file a fully completed IFP motion within fourteen days despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

### IV.  RECOMMENDATION

The plaintiff's IFP application should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders, unless she either pays the full filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 14th day of January, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                  */s/ Irma Carrillo Ramirez*
                                 IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE